USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/07

# White and Williams LLP

*One Penn Plaza*
*18th Floor, Suite 1801*
*New York, NY 10119*
*Phone: 212.244.9500*
*Fax: 212.244.6200*

Michael J. Kozoriz
Direct Dial: 212.631.4412
Direct Fax: 212.631.4432
kozorizm@whiteandwilliams.com

JUN 2  2007

June 12, 2007

**By ECF and Copy By First Class Mail**

Hon. William H. Pauley III, U.S.D.J.
United States District Court
500 Pearl Street, Room 2210
New York, New York 10007

MEMORANDUM ENDORSE

RE: **The Paul Revere Life Insurance Company vs. John Cahn**
    **Civil Action No.: 2:06-cv-4866 (WHP)(DF)**
    **Our File No.: 16931/J0122  (19,101)**
    **REQUEST BY PLAINTIFF FOR PRE-MOTION**
    **CONFERENCE RE: SUMMARY JUDGMENT**

Dear Judge Pauley:

We represent the plaintiff, Paul Revere, in the above-referenced matter. Please accept this correspondence as our formal request for a pre-motion conference to discuss and set a briefing schedule for Paul Revere's intended motion for summary judgment. Pursuant to an amended scheduling order, the Final Pre-Trial Order is due June 29, 2007, and there is a Pre-Trial Conference before Your Honor on July 20, 2007.

Paul Revere commenced this civil action seeking a declaration that the Defendant, John Cahn ("Cahn"), is not entitled to disability insurance benefits as a result of his March 12, 2003 accident and the resulting January 2004 claim. Paul Revere believes that it is entitled to summary judgment on its affirmative claims and dismissing Cahn's Counter-Claim with prejudice because (1) Cahn breached the insurance contract as a result of his late notice of claim; (2) Cahn should be estopped from claiming benefits due to his failure to cooperate with Paul Revere's investigation of the claim; and (3) Cahn should be estopped from claiming benefits due to his actions and statements that are inconsistent with his claim of total disability, as evidenced in Cahn's various lawsuits, including those against his former employer and the recruiting firm that he hired to find him a job *after he became "totally disabled."*

*I.    Late Notice of Claim*

New York law is clear that an insurer is allowed to disclaim coverage for a particular loss where the insured has provided late notice of claim, and the insurer is not obligated to show that it has been prejudiced by the late notice of claim. *See Great Canal Realty Corp. v. Seneca Ins.*

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ*
*Paramus, NJ • Philadelphia, PA • Pittsburgh, PA • Wilmington, DE*

NYCDMS 22385v.1

Hon. William H. Pauley III, U.S.D.J.
June 12, 2007
Page 2

*Co.*, 5 N.Y.3d 742, 833 N.E.2d 1196, 800 N.Y.S.2d 521, 522 (2005). The insurance policy at issue required that Cahn give notice of claim within 30 days after the loss. Nevertheless, Cahn's "disabling" accident occurred in March 2003, he did not stop working until August 2003, and did not give Paul Revere notice of claim until January 2004. It is respectfully submitted that pursuant to the New York Court of Appeal's holding in *Great Canal Realty*, and other case law of New York courts, Paul Revere is entitled to summary judgment on its First Cause of Action, declaring that it has no obligation to pay Cahn disability benefits in connection with this loss. *See also Mercurio v. Northwestern Mut. Ins. Co.*, 298 A.D.2d 567, 749 N.Y.S.2d 63, 64 (2d Dep't 2002); *Harris v. Allstate Ins. Co.*, 83 F.Supp.2d 423, 429 (S.D.N.Y. 2000); *Steinberg v. The Paul Revere Life Ins. Co.*, 73 F.Supp.2d 358, 361-62 (S.D.N.Y. 1999) *aff'd* 210 F.3d 355 (2d Cir. 2000).

## II.    *Cahn's Obstruction of the Claim Investigation*

In addition to providing late notice of claim, Cahn should be precluded and barred from receiving disability insurance benefits as a result of the March 2003 accident due to his willful obstruction of Paul Revere's investigation of the claim. *See Rosenthal v. Prudential Property & Casualty Co.*, 928 F.2d 493, 494-95 (2d Cir. 1991). Cahn's obstruction of Paul Revere's investigation of his disability claim, while registering unwarranted complaints to the Insurance Department about Paul Revere, are well-documented, as will be set forth in detail in Paul Revere's intended Rule 56.1 Statement and moving brief. Accordingly, Paul Revere is entitled to summary judgment on its Second Cause of Action. *See Leon Sylvester, Inc. v. Aetna Casualty & Surety Co.*, 227 A.D.2d 212, 642 N.Y.S.2d 275, 276 (1st Dep't 1996); *Harary v. Allstate Ins. Co.*, 988 F.Supp. 93 (E.D.N.Y. 1997).

## III.   *Cahn's Statements and Actions Are Inconsistent With His Claim of Disability*

The instant civil action is the fourth lawsuit that Cahn has been involved with in connection with his accident of March 12, 2003. Cahn's position in his employment discrimination lawsuit, particularly his New York Human Rights Law ("NYHRL") claim, was inconsistent with his claims in his personal injury lawsuit and in the instant civil action, in which he claims that he is totally disabled. The inconsistency lies in that in order to be successful on an NYHRL claim, one must allege and prove that one is capable of performing the essential functions of his job with a reasonable accommodation. *See Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 811 N.Y.S.2d 381, 384-85 (1st Dep't 2006).

Even more glaring is the position that Cahn took in his breach of contract action against the recruiting firm he hired, Korn/Ferry, in which he alleged that he "was a respected and successful president of a banking institution, holding numerous coveted securities licenses" and "was a likely candidate for a significant position in the banking/securities field," while simultaneously representing to Paul Revere and to the defendants his personal injury action that he was disabled and incapable of working. Based on the inconsistent factual positions that Cahn

Hon. William H. Pauley III, U.S.D.J.
June 12, 2007
Page 3

has taken in his various lawsuits, Cahn should be judicially estopped from claiming that he is totally disabled here. *See Stevens Technical Services, Inc. v. SS Brooklyn*, 885 F.2d 584, 588-89 (2d Cir. 1989).

Paul Revere also respectfully submits that the doctrine of equitable estoppel should preclude Cahn from asserting that he is totally disabled in this case. The elements of equitable estoppel are "representation, reliance and detriment." *See Laura G. v. Peter G.*, 15 Misc.3d 164, 830 N.Y.S.2d 496, 502 (Sup. Ct., Del. Co. 2007). Cahn should be precluded from receiving disability benefits as a result of the loss at issue, pursuant to the doctrine of equitable estoppel, because (1) Cahn concealed from Paul Revere several material facts, such as the fact that he resigned from his job to pursue a "new challenge" after he felt discriminated against due to his sexual orientation (issues that have nothing to do with his alleged disabling accident), and the fact that during the time that Cahn claimed to be disabled he was actively pursuing high-level employment at banking firms; (2) Cahn intended that Paul Revere would pay him $12,100 per month in disability benefits as a result; and (3) Cahn knew the real facts behind his resignation, and search for other employment, while concealing same from Paul Revere.

As the party asserting estoppel, Paul Revere has demonstrated that during the administration of Cahn's claim, (1) Paul Revere did not know that Cahn had resigned from his job and was actively pursuing other employment while he was claiming to be "totally disabled;" (2) Paul Revere relied on the information provided by Cahn during the administration of the claim; and (3) Paul Revere was prejudiced by its change of position from initial skepticism about the validity of Cahn's claim to allowing several months of benefits to be paid to Cahn at a rate of $12,100 per month. *See First Union Nat'l Bank v. Tecklenburg*, 2 A.D.3d 575, 769 N.Y.S.2d 573, 577 (2d Dep't 2003). Accordingly, Paul Revere has satisfied the elements of judicial and equitable estoppel, and thus is entitled to summary judgment on its Third Cause of Action.

In conclusion, Paul Revere respectfully requests that the Court schedule a pre-motion conference to discuss Paul Revere's intended motion for summary judgment, and to set a briefing schedule.

Respectfully submitted,
WHITE AND WILLIAMS LLP

By: /s/ Michael J. Kozoriz
    Michael J. Kozoriz

cc: Clerk, S.D.N.Y. *(Original By First Class Mail)*
    Peter J. Creedon, Esq. *(Copy By First Class Mail)*

*[Handwritten:] Application granted. This Court will hold a pre-motion conference on July 20, 2007 at 9:45 a.m. The joint pre-trial order is due July 12, 2007.*

SO ORDERED:

/s/ William H. Pauley III
WILLIAM H. PAULEY III U.S.D.J.
7/3/07

NYCDMS 22385v.1